# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:11-cv- 01103 |
| v. | ) ) | COMPLAINT |
| YS&J ENTERPRISES, INC. d/b/a<br>DAIRY QUEEN, | ) ) ) | |
| Defendant. | ) ) | <u>JURY TRIAL DEMAND</u> |
| _____ | ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the

Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex,

female, and retaliation, and to provide appropriate relief to Chastity Hill-Cox, who was

adversely affected by such practices.  As alleged with greater specificity below, the U.S.

Equal Employment Opportunity Commission ("the Commission") alleges YS&J

Enterprises, Inc. d/b/a Dairy Queen ("Defendant") subjected Hill-Cox to a sexually

hostile work environment because of her sex, female.  The Commission further alleges

Defendant discharged Hill-Cox in retaliation for complaining about the hostile work

environment.

1

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a North Carolina corporation with its principal place of business in the state of North Carolina and city of Durham, and Defendant has continuously had at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

2

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Chastity Hill-Cox filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## HOSTILE WORK ENVIRONMENT

7.     From approximately late-March 2009 through August 23, 2009, Defendant engaged in unlawful employment practices at its Dairy Queen restaurant (located inside the Hanes Mall Shopping Center at 3320 Silas Creek Parkway in Winston-Salem, North Carolina) in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Hill-Cox to sexual harassment that created a sexually hostile work environment based on her sex, female.

8.     Specifically, the harassment was perpetrated by one of Defendant's male employees (hereinafter "the harasser"), who was a co-worker of Hill-Cox.  At least two to three times per day,  the harasser called Hill-Cox names such as "bitch," "fucking bitch," "pussy," "cunt," and other names that are derogatory toward females.

9.     Hill-Cox complained to Defendant's manager for the first time in or around April 2009 about the harasser's conduct.  Specifically, she complained that he called her "cunt" and used other profanity toward her.

10.     At least once per week, Hill-Cox heard the harasser discussing his sexual encounters in Defendant's workplace, and observed him making sexual gestures to simulate his encounters.  On one specific occasion in the spring or summer of 2009, Hill-Cox witnessed the harasser verbally describe to another employee that a girl was

"sucking his dick and rubbing his dick at the same time," while he was "rubbing her pussy" and "touching her boobs." During his narration, Hill-Cox observed the harasser make gestures to simulate the sexual encounters.

11.     Hill-Cox complained to Defendant's manager about the harasser's explicit sexual conversations, sexual gestures, and profanity on at least ten occasions. In response, Defendant's manager told Hill-Cox that she should "grow up," and that "boys and guys just behave that way."

12.     None of the complaints by Hill-Cox brought about an end to the harassment.

13.     On or about August 23, 2009, Hill-Cox overheard the harasser telling another employee about a movie he had seen, while using foul language including the word "dick." When Hill-Cox turned and looked at the harasser, she believed he was deliberately trying to offend her, as he made eye-contact with her, was rubbing his crotch, and had a smirk on his face.

14.     The harassment was unwelcome to Hill-Cox in that she complained at least ten times about the sexual harassment to Defendant's manager. Hill-Cox, who was only 18 years old at the time of the harassment, also complained to her mother about the harassment on numerous occasions.

15.     Defendant knew or should have known about the harassment through multiple complaints by Hill-Cox, but failed to take appropriate corrective action to prevent or stop the harassment.

4

16.     On or about August 23, 2009, Defendant engaged in unlawful employment practices at its Dairy Queen restaurant (located inside the Hanes Mall Shopping Center at 3320 Silas Creek Parkway in Winston-Salem, North Carolina) in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Hill-Cox because she opposed employment practices made unlawful by Title VII.  Specifically, Hill-Cox complained to Defendant about the sexual harassment numerous times, including for the final time on August 23, 2009.  Defendant discharged Hill-Cox on August 23, 2009.

17.     On August 23, 2009, Hill-Cox complained to mall security in the mall where Defendant's restaurant is located.  Mall security suggested that Hill-Cox contact the Winston-Salem Police Department, which Hill-Cox did in order to bring about an end to the sexual harassment.

18.     While the police were at Defendant's restaurant, Hill-Cox explicitly asked Defendant's manager whether she was going to be fired.  Initially, Defendant's manager told Hill-Cox that she could retain her job if she agreed not to tell her mother about what happened at work each day.  However, a few minutes later, Defendant's manager told Hill-Cox she was terminated.

19.     According to the Winston-Salem police report prepared by the officer who responded to the call on August 23, 2009, Hill-Cox had complained to Defendant's manager about the harasser's conduct on numerous occasions, including his use of profanity and weekly conversations about his sexual encounters.  However, the harassment continued.  The report further states that in response to the police officer's

5

question to Defendant regarding whether Hill-Cox was being discharged because she reported the sexual harassment, Defendant's manager responded: "Uh, yeah, she is causing too many problems." Thus, Hill-Cox was discharged in retaliation for her complaints about sexual harassment.

20.     The effect of the practices complained of above has been to deprive Chastity Hill-Cox of equal employment opportunities, and otherwise adversely affect her status as an employee because of her sex, female.

21.     The effect of the practices complained of above has been to deprive Chastity Hill-Cox of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful under Title VII.

22.     The unlawful employment practices complained of in paragraphs 7 through 19 were intentional.

23.     The unlawful employment practices complained of in paragraphs 7 through 19 were done with malice or with reckless indifference to the federally protected rights of Chastity Hill-Cox.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment, and from retaliating against employees who oppose

6

unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Chastity Hill-Cox by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant to make whole Chastity Hill-Cox by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Chastity Hill-Cox by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, damage to professional reputation and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Chastity Hill-Cox punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

7

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

This 14th day of December, 2011.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

/s/ **Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

TINA M. BURNSIDE
Supervisory Trial Attorney

/s/ **Darryl L. Edwards**
DARRYL L. EDWARDS (PA Bar ID #205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**