IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11cv1103 |
| v. | ) ) | AMENDED |
| YS&J ENTERPRISES, INC. d/b/a DAIRY QUEEN | ) ) ) | CONSENT DECREE |
| Defendant. | ) ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that YS&J Enterprises, Inc. d/b/a Dairy Queen ("Defendant") subjected Chastity Hill-Cox to a sexually hostile work environment because of her sex, female. The complaint further alleged that Defendant discharged Hill-Cox in retaliation for complaining about the hostile work environment. Defendant denies the allegations brought by the Commission in the Complaint.

A Consent Decree was initially entered on October 24, 2012 [Document # 16] in resolution of all matters in controversy between the parties. Defendant failed to comply with the terms of the Consent Decree, and the Commission filed a motion on January 22, 2013 with this Court for an order requiring Defendant to show cause why it had not complied with the terms of the Consent Decree entered in this matter, and why it should not be held in contempt of court for its non-compliance. On April 10, 2013, this Court held Defendant in civil contempt for failure to comply with the Consent Decree [Document #22] A Status Conference with

the Court was held on the matter on May 30, 2013, and the parties reached an agreement requiring Defendant to cure its failure to comply with both the monetary and non-monetary provisions of the Consent Decree. [Minute entry dated May 30, 2013].

The parties now file this Amended Consent Decree outlining the terms of the agreement reached at the May 30, 2013 Status Conference. Defendant's entry into this Amended Consent Decree is not an admission of liability, wrongdoing, or fault in the allegations brought. The Commission does not disavow the allegations contained in its Complaint.

Neither the Commission nor Defendant make any representation, or assume responsibility for any tax liability, assessments, interest, penalties and/or costs that Chastity Hill-Cox may or may not incur on such payments under local, state, or federal law.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Amended Consent Decree; and (3) this Amended Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Chastity Hill-Cox the sum of seventeen thousand five hundred dollars ($17,500.00) in settlement of the claims raised in this action. Pursuant to the agreement that EEOC and Defendant reached during the status conference held on May 30, 2013, Defendant issued a check payable to Chastity Hill-Cox on that date in the amount of seven thousand five hundred dollars ($7,500.00). Defendant is required to make two additional payments to Ms. Hill-Cox, in the amount of five thousand dollars ($5,000.00) each, with the first check due on June 30, 2013, and the final check due on July 31, 2013. The total monetary award to Ms. Hill-Cox shall represent compensatory damages, which Defendant shall report on an IRS Form 1099 Miscellaneous Income Statement. Defendant shall mail all checks to Chastity Hill-Cox at an address provided by the EEOC. Within ten (10) days after the check has been sent, Defendant shall send to the EEOC a copy of the check and proof of its delivery to Ms. Hill-Cox.

4. Within ten (10) days of the entry of this Amended Decree by the Court, Defendant shall eliminate from the employment records of Chastity Hill-Cox any and all documents, entries, or references of any kind related to the facts and circumstances which led to the filing of EEOC Charge Number 435-2009-01068 and the related events that

occurred thereafter, including this litigation. Defendant shall report compliance with this provision to the Commission.

5. Defendant has provided Chastity Hill-Cox with the positive letter of reference attached hereto as Exhibit A. Ms. Hill-Cox is free to disseminate this letter to potential employers. Defendant agrees that if it receives any inquiry about Chastity Hill-Cox from a potential employer, it will provide only the information set forth in the letter of reference in response.

6. Defendant has in place a policy that forbids sexual harassment and retaliation, which is attached to this Amended Decree as Exhibit B. Within ten (10) days of the entry of this Amended Decree, Defendant shall distribute to each current employee a copy of the policy and report such compliance to the Commission. During the term of this Amended Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7. During the term of this Amended Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in each of its three restaurants, specifically its restaurants in Winston-Salem, Durham, and Fayetteville, North Carolina. The policy must be posted in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ten (10) days after the Amended Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors, and employees in its three restaurants in

Winston-Salem, Durham, and Fayetteville, North Carolina. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within thirty (30) days after entry of this Amended Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least ten (10) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within ten (10) days after the entry of this Amended Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in a place where it is visible to employees at its three restaurants in Winston-Salem, Durham, and Fayetteville, North Carolina. If the Notice becomes defaced or unreadable in any location, Defendant shall replace it by posting another copy of the Notice. Defendant shall report compliance with this provision to the Commission.

10. During the term of this Consent Decree, Defendant shall continue to provide the Commission with reports at six (6) month intervals, with the first being due

four (4) months after approval by the Court of this Amended Decree. The reports will include the following information:

Sexual Harassment:

A. The name, address, telephone number, position, and social security number of each person who complains either verbally or in writing of unwelcome conduct, whether verbal or physical, which is based on sex;

B. The date of the complaint and to whom the complaint was made;

C. Detailed information regarding the substance of the complaint; and

D. A brief outline of the investigation undertaken by Defendant in response to the complaint, including what action, if any, was taken in response to the complaint.

Retaliation:

A. the identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

B. for each individual identified above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

C. for each individual whose employment status has changed as identified above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Amended Decree. As part of such review, the Commission may inspect Defendant's restaurants, interview employees and examine and copy documents.

12. If anytime during the term of this Amended Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Amended Decree shall be for five (5) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

IT IS SO ORDERED this the 6th day of June, 2013.

                                                                          _____
                                                                          United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.

This 5th day of June, 2013.

| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **YS&J ENTERPRISES, INC. d/b/a DAIRY QUEEN Defendant** |
|---|---|
| **/s/ Lynette A. Barnes** <br> LYNETTE A. BARNES (NC Bar #19732) <br> Regional Attorney | **/s/ James B. Craven III** <br> JAMES B. CRAVEN III (NC Bar No. 997) <br> P.O. Box 1366 <br> Durham, NC 27702 |
| **/s/ Tina Burnside** <br> TINA BURNSIDE (WI Bar #1026965) <br> Supervisory Trial Attorney | Phone: (919) 688-8295 <br> Fax: (919) 688-7832 <br> Email: jbc64@mindspring.com |
| **/s/ Darryl L. Edwards** <br> DARRYL L. EDWARDS (PA Bar ID # 205906) <br> Trial Attorney <br> Email: darryl.edwards@eeoc.gov | **Attorney for Defendant YS&J Enterprises, Inc.** |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office <br> 129 West Trade Street, Suite 400 <br> Charlotte, North Carolina 28202 <br> Telephone: (704) 954-6467 (direct dial) <br> Facsimile: (704) 954-6412 | |
| **Attorneys for Plaintiff** | |

[COMPANY LETTERHEAD]

To Whom It May Concern:

 Chastity Hill-Cox worked part-time for Dairy Queen / Orange Julius Treat Center at Hanes Mall in Winston-Salem from March 21, 2009 through August 23, 2009 (89 days). During her employment, Ms. Hill-Cox was a crew member, and her last rate of pay was $7.25 per hour. She was an acceptable employee.

Sincerely,

Major John A. Ribet, III USA (Ret.)
President

# HARASSMENT POLICY

All employees of this company are to be treated with respect and dignity.

It is the policy of this company that discrimination or harassment of any employee by any other employee or supervisor on the basis of race, color, national origin, sex, religion, age, or disability will not be tolerated. Failure by any individual to adhere to this policy will result in disciplinary action, up to and including termination.

One form of prohibited harassment is sexual harassment. Sexual harassment includes unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature when submission to such conduct is:

- a condition of employment;
- a basis for an employment decision affecting your job;
- unreasonably interfering with your job performance;
- creating an intimidating, hostile, or offensive work environment.

Some examples of conduct that may be sexual harassment under this policy include:

- use of offensive or demeaning terms which have sexual connotations;
- objectionable physical proximity or physical contact;
- repeated, unwelcome invitations to social engagements;
- jokes, cartoons, pictures, or stories which have a sexual content.

If at any time you feel you are being harassed in violation of this policy, you should <u>immediately</u> contact:

_____ and/or _____

The company will investigate harassment complaints as appropriate, and take other appropriate action. Retaliation against any employee for making a complaint under this policy is strictly prohibited. This company wants to resolve any such problems but can do so only if it is aware of them.

EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:11cv1103 |
| v. | ) ) | **EMPLOYEE NOTICE** |
| YS&J ENTERPRISES, INC. d/b/a DAIRY QUEEN | ) ) ) ) | |
| Defendant. | ) ) | |

1.      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Defendant, YS&J Enterprises, Inc. d/b/a Dairy Queen. The EEOC alleged that Defendant discriminated against Chastity Hill-Cox, a former employee, by subjecting her to a sexually hostile work environment. Further, the EEOC alleged that Defendant fired Ms. Hill-Cox in retaliation for her complaints about the sexually hostile work environment.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.      YS&J Enterprises, Inc. will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M. Street, NE
> Washington, DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2018.